UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                CASE NO. 00-CV-60056
v.                            HONORABLE GEORGE CARAM STEEH

DEMETRIUS SHELTON,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

      Pro se defendant Demetrius Shelton has filed a letter (Doc. 15) challenging a default judgment entered against him on May 8, 2000, in a student loan action. Defendant alleges that he was discharged from the debt because the school closed while he was a student there, and that he never received notice of the default judgment hearing. Because defendant is representing himself, his papers and arguments will not be held to the standard of a practicing attorney, but will be liberally construed. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Given defendant's pro se status, the court construes his letter (Doc. 15) as a motion to set aside the default judgment.

      Federal Rule of Civil Procedure 60(b) articulates six reasons a default judgment may be set aside: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .;(3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

-1-

Fed. R. Civ. P. 60(b). To the extent defendant's articulated reasons in favor of setting aside the default judgment can be construed as an alleged "mistake" or "excusable neglect" as set forth at Rule 60(b)(1), they are barred by a one-year limitations period under Rule 60(c). Even if defendant's motion falls within the ambit of the residual clause set forth under Rule 60(b)(6) for which no strict time limit applies, defendant bears a high burden as it is well established that relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990). Although there is no stated time limit on the court's power to grant relief under Rule 60(b)(6), the motion for relief from the judgment must be made within a "reasonable time." Fed. R. Civ. P. 60(c); *Fuller*, 916 F.2d at 360. In determining whether the motion was filed in a reasonable time, the court considers the record as a whole. *See Smith v. Sec'y of Health & Human Serv.*, 776 F.2d 1330, 1333 (6th Cir. 1985). Factors for the court to consider are the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Considering the facts and circumstances present here, defendant's motion to set aside the default judgment is untimely. The default judgment was entered fifteen years ago. While defendant claims he was unaware of the default judgment hearing, he has attached tax records showing that the government has been garnishing a portion of his tax refund to satisfy the debt for a number of years beginning in 2003. Given that defendant has been on notice of the default judgment entered in this case since at least 2003, the filing of his motion to set aside the default judgment some twelve years later is unreasonable. Defendant's delay of over one decade amounts to significant prejudice to the government should the court entertain the motion on the merits. Defendant claims his

student loan debt was discharged in 1986 when the school he was attending closed. Now nearly thirty years later, it is extremely unlikely that school records will be available to prove the dates of defendant's attendance, and defendant has not come forward with any records in this regard. Thus, the government would be prejudiced by defendant's significant delay in filing his motion to set aside default judgment.

In addition to the reasonable time requirement, the Sixth Circuit has enunciated three factors to consider in deciding a Rule 60(b) motion: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). For the reasons discussed regarding the reasonable time requirement, consideration of the first factor militates against setting aside the default judgment as the government would be prejudiced by the significant delay.

Having found that defendant's motion to set aside default judgment is untimely, and that defendant's delay in filing constitutes significant prejudice to the government, defendant's motion (Doc. 15) is DENIED.

**IT IS SO ORDERED**.

Dated: September 29, 2015

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 29, 2015, by electronic and/or ordinary mail and also on
Demetrius Shelton, 12242 Plainview, Detroit, MI 48228.

s/Barbara Radke
Deputy Clerk